# United States Tax Court

T.C. Memo. 2022-110

HAYWOOD EARL PARKER, JR.,
Petitioner,
AND JACQUELINE ANN PARKER,
Intervenor

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 6054-19.                                    Filed November 15, 2022.

————————

*Lee A. Moore* and *Michael L. Boman*, for petitioner.

Jacqueline Ann Parker, pro se.

*Britton G. Wilson*, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, *Judge*: By notice of deficiency dated March 25, 2019, respondent determined a deficiency in federal income tax of $82,592 and an accuracy-related penalty of $16,518 pursuant to section 6662(a)[1] for petitioner and intervenor's 2016 tax year. The parties have resolved the deficiency amount,[2] and the only issue for decision is whether petitioner is entitled to relief from joint and several liability pursuant to section 6015(f).

———————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The parties have stipulated that the amount of the deficiency is $39,318 and that there is no penalty under section 6662(a).

2

FINDINGS OF FACT

Petitioner resided in Missouri when he filed the Petition. He and intervenor were married from March 1988 until they divorced in 2018.

Petitioner has a history of serious health problems. His only source of income is Social Security disability payments, which he began receiving in 2012. He receives approximately $28,300 annually.

On March 7, 2016, intervenor signed a "Settlement Agreement and Release," settling an employment discrimination lawsuit against her previous employer for $325,000. Pursuant to the settlement agreement, intervenor received $39,000, subject to applicable withholding, for backpay; $156,000 for noneconomic and compensatory damages; and $130,000 for attorney's fees, which were paid directly to her lawyer. Both Form W–2, Wage and Tax Statement, and Form 1099–MISC, Miscellaneous Income, were to be issued to intervenor under the terms of the Settlement Agreement.

In March 2016 intervenor received two checks for settlement proceeds of $23,536.50 and $156,000, both of which she deposited in the checking account she shared with petitioner. Petitioner and intervenor used the funds to refinance and renovate their home and pay off debts.

Petitioner prepared and timely filed a joint income tax return for 2016. Form W–2 was issued to intervenor for her backpay income. Form 1099–MISC reporting $286,000 was also issued to intervenor. Petitioner reported as income the portion of the settlement attributable to backpay but did not include the portions attributable to attorney's fees or noneconomic and compensatory damages. The Form 1099–MISC listed $286,000 in box 3, Other income, despite intervenor's having received a check for only $156,000. Both petitioner and intervenor agree that the amount was confusing and that petitioner called the IRS customer service line, described the terms of the settlement, and concluded from that call that the attorney's fees and damages proceeds were nontaxable.

Petitioner and intervenor divorced in April 2018. Under the terms of the Judgment Decree of Dissolution of Marriage (divorce decree), petitioner executed a quitclaim deed, conveying title to their shared home to intervenor, and intervenor paid petitioner $50,000, representing his share of equity in the home. With respect to prior income tax returns, the divorce decree provided as follows:

**[*3]**    The parties represent that all federal, state and local tax returns required to be filed since the date of the marriage have been filed and all federal, state and local taxes, penalties and interest required to be paid with respect to the periods covered by such returns are paid in full. For each calendar year in which the parties filed or will file joint federal and state income tax returns, the Husband and Wife shall be equally liable to promptly pay when due, all taxes, interest and penalties arising from a successfully asserted joint tax return deficiency unless the same was caused by a spouse's failure to disclose income which should be included on such return in which case that spouse shall be solely responsible for all amounts due deriving from the said failure.

Respondent examined the jointly filed 2016 return and, on the basis of the unreported settlement proceeds, determined the deficiency and the accuracy-related penalty. The adjustments in the notice of deficiency relate solely to the unreported settlement proceeds.

Petitioner and intervenor, who were divorced when the notice of deficiency was issued, filed separate Petitions with the Court. In intervenor's case, at docket No. 10489-19, intervenor challenged the deficiency amount, arguing that the unreported settlement proceeds were not taxable income. The Court entered a stipulated decision, in which respondent and intervenor agreed that the amount of the deficiency for 2016 is $39,318 and that there is no accuracy-related penalty.[3]

In his own Petition, filed April 4, 2019, petitioner also challenged the deficiency amount and further requested relief from joint and several liability pursuant to section 6015. Petitioner and respondent have stipulated that the deficiency amount is $39,318 and that there is no accuracy-related penalty.

After petitioner filed the Petition, respondent's counsel requested respondent's innocent spouse unit to consider petitioner's request for relief from joint and several liability. Petitioner submitted Form 8857, Request for Innocent Spouse Relief, on which he described his health

---

[3] Specifically, respondent and intervenor agreed that the settlement proceeds were taxable income, but that intervenor was entitled to a deduction for her attorney's fees.

**[\*4]** problems and reported monthly income of $2,042 and monthly expenses totaling $2,035.

Respondent's innocent spouse unit initially determined that petitioner was not eligible for relief. But respondent now agrees, after review of additional supporting documentation, that petitioner is entitled to complete relief pursuant to section 6015(f).

Intervenor timely filed a Motion to Intervene in this case and opposes any relief.

OPINION

I.   *Overview*

Married taxpayers may elect to file a joint federal income tax return. § 6013(a). If a joint return is made, generally each spouse is jointly and severally liable for the entire tax due on their aggregate income for that year. § 6013(d)(3). In certain circumstances, however, section 6015 allows a spouse to obtain relief from joint and several liability. § 6015(a). Under section 6015(a), a spouse may seek relief from joint and several liability under section 6015(b) or, if eligible, may allocate liability according to provisions set forth in section 6015(c). If a taxpayer does not qualify for relief under section 6015(b) or (c), the taxpayer may seek equitable relief under section 6015(f). Petitioner and respondent agree that petitioner is not entitled to relief under section 6015(b) or (c) because he had actual knowledge of the item giving rise to the deficiency.

This Court has jurisdiction to determine the appropriate relief available to a requesting spouse under section 6015(f). *See* § 6015(e)(1)(A). In determining whether a taxpayer is entitled to relief under section 6015(f), the Court applies a de novo standard and scope of review.[4] *Porter v. Commissioner*, 132 T.C. 203, 210 (2009). Petitioner generally bears the burden of proving that he is entitled to equitable relief under section 6015(f). *See Porter*, 132 T.C. at 210; *see also* Rule 142(a)(1).

---

[4] Because petitioner filed his Petition before July 1, 2019, section 6015(e)(7) does not apply to this case. *See Sutherland v. Commissioner*, 155 T.C. 95, 104 (2020).

[*5] II.     *Section 6015(f)*

As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a requesting spouse is entitled to equitable relief from joint and several liability. Those procedures are set forth in Rev. Proc. 2013-34, § 4, 2013-43 I.R.B. 397, 399–403. Although the Court is not bound by the eligibility guidelines set forth in Rev. Proc. 2013-34, the Court considers those factors when reviewing a taxpayer's claim for relief under section 6015(f). *See Pullins v. Commissioner*, 136 T.C. 432, 438–39 (2011); *Pocock v. Commissioner*, T.C. Memo. 2022-55, at *14. Ultimately the Court's determination rests on an evaluation of all the facts and circumstances. *Porter*, 132 T.C. at 210.

A.     *Threshold Conditions*

Rev. Proc. 2013-34, § 4.01, 2013-43 I.R.B. at 399–400, establishes several threshold conditions that the requesting spouse must satisfy to be considered for equitable relief: (1) a joint return was filed for the year(s) at issue; (2) the tax liability from which the requesting spouse seeks relief is attributable in full or in part to an item of the nonrequesting spouse; (3) relief is not available to the requesting spouse under section 6015(b) or (c); (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified assets (as defined by section 6015(c)(4)(B)) to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent joint return; and (7) the claim for relief is timely filed. The parties agree that petitioner satisfies these threshold conditions.

B.     *Streamlined Determination*

Once a taxpayer has satisfied the threshold conditions, the Court will consider whether the requesting spouse is eligible for streamlined relief. Streamlined determinations granting equitable relief under section 6015(f) are available if the requesting spouse can establish that he or she (1) is no longer married to the nonrequesting spouse; (2) would suffer economic hardship if relief were not granted; and (3) lacked knowledge or reason to know of the understatement at the time the return at issue was signed. Rev. Proc. 2013-34, § 4.02, 2013-43 I.R.B. at 400. Petitioner is not entitled to streamlined relief because he had knowledge of the settlement proceeds.

**[\*6]**    C.    *Equitable Factors*

Rev. Proc. 2013-34, § 4.03(2), 2013-43 I.R.B. at 400–03, sets forth the following seven nonexclusive factors to be considered in determining whether, taking into account all facts and circumstances, equitable relief under section 6015(f) should be granted: (1) the current marital status of the spouses; (2) whether the requesting spouse will suffer economic hardship if relief is not granted; (3) whether the requesting spouse knew or had reason to know of the item giving rise to the understatement; (4) whether either spouse has a legal obligation to pay the outstanding federal income tax liability; (5) whether the requesting spouse significantly benefited from the understatement; (6) whether the requesting spouse has made a good faith effort to comply with income tax laws in the years following the year for which relief is sought; and (7) whether the requesting spouse was in poor mental or physical health when the return at issue was filed, when the request for relief was made, or at the time of trial. *See Pullins*, 136 T.C. at 448.

In making a determination under section 6015(f), the Court considers the enumerated factors as well as any other relevant facts. No single factor is dispositive, and "[t]he degree of importance of each factor varies depending on the requesting spouse's facts and circumstances." Rev. Proc. 2013-34, § 4.03(2); *see Pullins,* 136 T.C. at 448; *Hall v. Commissioner*, T.C. Memo. 2014-171, at \*38.

1.    *Marital Status*

If the requesting spouse is no longer married to the nonrequesting spouse, this factor will weigh in favor of granting relief. *See* Rev. Proc. 2013-34, § 4.03(2)(a), 2013-43 I.R.B. at 400. If the requesting spouse is still married to the nonrequesting spouse, this factor is neutral. *Id.* Petitioner and intervenor divorced in 2018. This factor favors relief.

2.    *Economic Hardship*

Economic hardship exists if satisfaction of the tax liability, in whole or in part, would result in the requesting spouse's being unable to meet his reasonable basic living expenses. *Id.* § 4.03(2)(b), 2013-43 I.R.B at 401. Where the requesting spouse's income is below 250% of the federal poverty guidelines, this factor will weigh in favor of relief, unless the requesting spouse has assets out of which he can make payments towards the tax liability and still adequately meet his reasonable basic living expenses. *Id.* If denying relief from joint and several liability will

**[\*7]** not cause the requesting spouse to suffer economic hardship, this factor will be neutral. *Id.*

Petitioner's health condition prevents him from holding full-time employment, and his only source of income is Social Security disability payments. His annual income of $28,300 is below 250% of the federal poverty guidelines.[5] This factor favors relief.

### 3. *Knowledge or Reason to Know*

If the requesting spouse knew or had reason to know of the items giving rise to the understatement when the return was filed, this factor will weigh against relief. *Id.* § 4.03(2)(c), 2013-43 I.R.B. at 401–02. If the requesting spouse did not know or have reason to know of the understatement, this factor will weigh in favor of relief. *Id.* Actual knowledge of the item giving rise to the understatement or deficiency will not be weighted more heavily than any other factor. *Id.*

Petitioner knew of the settlement proceeds and prepared the return that failed to report them as income. This factor weighs against relief.

### 4. *Legal Obligation*

This factor will favor relief where the nonrequesting spouse has the sole obligation to pay an outstanding federal tax liability pursuant to a divorce decree or other legally binding agreement. *Id.* § 4.03(2)(d), 2013-43 I.R.B. at 402. This factor is neutral where both spouses have such an obligation or the divorce decree or agreement is silent as to any such obligation. *Id.*

Under the terms of the divorce decree, both spouses have a legal obligation to pay any taxes, interest, and penalties arising from their jointly filed tax returns. This factor is neutral.

### 5. *Significant Benefit*

A significant benefit is any benefit in excess of normal support. *Id.* § 4.03(2)(e), 2013-43 I.R.B. at 402. If the requesting spouse has received a significant benefit, enjoying the "benefits of a lavish lifestyle,

---

[5] The federal poverty line for an individual living in the contiguous 48 states in 2022 is $13,590. Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315, 3316 (Jan. 21, 2022). Two-hundred fifty percent of this amount is $33,975.

[*8] such as owning luxury assets and taking expensive vacations," this factor weighs against relief. *Id.* If the amount of unpaid tax or understatement was small such that neither spouse received a significant benefit, this factor is neutral. *Id.* Whether the amount of unpaid tax or understatement is small such that neither spouse received a significant benefit will vary depending on the facts and circumstances of each case.

Petitioner and intervenor did not live a lavish lifestyle. They used the funds from the settlement to pay off debts and make renovations to their home. The Court finds that neither spouse received a significant benefit from the unpaid tax. This factor is neutral.

### 6. *Compliance with Income Tax Laws*

This factor weighs in favor of relief if the requesting spouse is in compliance with the income tax laws for taxable years after being divorced from the nonrequesting spouse. *Id.* § 4.03(2)(f)(i), 2013-43 I.R.B. at 402. If the requesting spouse is not in compliance, this factor will weigh against relief, unless he made a good faith effort to comply with the tax laws but was unable to fully comply. *Id.*

The parties have stipulated that petitioner's income is below the filing requirements for an individual receiving Social Security disability payments and that he did not have an obligation to file an individual income tax return for tax years 2017 through 2020. This factor favors relief.

### 7. *Mental or Physical Health*

If the requesting spouse was in poor mental or physical health at the time the return was filed or at the time he requested relief, this factor will weigh in favor of relief. *Id.* § 4.03(2)(g), 2013-43 I.R.B. at 403. The Court also considers a taxpayer's mental and physical health at the time of trial. *See Pullins*, 136 T.C. at 454; *Bell v. Commissioner*, T.C. Memo. 2011-152.

Petitioner was in poor physical health at all relevant times, and the Social Security Administration has determined that he is disabled. This factor favors relief.

**[\*9]**         8.         *Conclusion*

Four of the above factors weigh in favor of relief, two are neutral, and one weighs against relief. In considering whether a taxpayer is entitled to relief under section 6015(f), however, the Court does not simply count factors. Rather, the Court evaluates all of the relevant facts and circumstances to reach a conclusion. *See Pullins*, 136 T.C. at 448.

Petitioner's poor physical health has left him disabled to the point that he is unable to work. His only source of income is Social Security disability payments, which allow him to meet his monthly expenses, but little else. Payment of the deficiency would create financial hardship. Although he did have knowledge of the income that gave rise to the deficiency in this case, petitioner credibly testified that he made a good-faith effort, despite confusing advice and reporting documents, to comply with the tax law but erroneously believed that the settlement funds were not taxable. He has remained in compliance with the federal income tax laws in subsequent years. On consideration of all of the relevant facts and circumstances, the Court concludes that petitioner is entitled to complete relief.

The Court has considered all of the parties' arguments and, to the extent they are not discussed herein, finds them to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate decision will be entered.*